**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 3 1 2024

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

Civil Action No. 4:24CV473-KGB

| |
|---|
| **UNITED STATES OF AMERICA** |
| **and** |
| **ARKANSAS GAME AND FISH COMMISSION AND ARKANSAS DEPARTMENT OF ENERGY AND ENVIRONMENT, DIVISION OF ENVIRONMENTAL QUALITY, AS AGENCIES OF THE STATE OF ARKANSAS** |
| **Plaintiffs,** |
| **EXXONMOBIL PIPELINE COMPANY LLC and MOBIL PIPE LINE COMPANY** |
| **Defendants** |

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and acting on behalf of the Secretary of the United States Department of the Interior ("DOI") through the Director of the United States Fish and Wildlife Service ("USFWS"), and the Arkansas Game and Fish Commission ("AGFC") and the Arkansas Department of Energy and Environment, Division of Environmental Quality ("ADEQ"), as state agencies and co-trustees of natural resources acting on behalf of the State of Arkansas, file this Complaint and allege as follows:

This case assigned to District Judge Baker
and to Magistrate Judge _____

1

## NATURE OF THE ACTION

1.      This is a civil action against ExxonMobil Pipeline Company LLC ("ExxonMobil") and Mobil Pipe Line Company ("MPLC") (collectively "Defendants") for recovery of damages for injury to, destruction of, loss of, or loss of use of natural resources and natural resource services (including the unreimbursed costs of assessing such damages and for restoration planning) under Section 1002 of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702, the Arkansas Water and Air Pollution Control Act ("AWAPCA"), Ark. Code Ann. § 8-4-101 *et seq.*, and Arkansas Game and Fish Commission Code 01.00-H—Restitution.

2.      Plaintiffs seek damages to compensate for injuries to natural resources resulting from the discharge of heavy crude oil from Defendants' Pegasus Pipeline on March 29, 2013, that migrated into nearby waterways, wetlands, and a portion of Lake Conway in Mayflower, Faulkner County, Arkansas (the "Mayflower Oil Spill").

## JURISDICTION AND VENUE

3.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1345 (United States as plaintiff), and 1367 (supplemental over State law claims), and Section 1017(b) of OPA, 33 U.S.C. § 2717(b).  This Court has pendent jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367(a). The Court also has personal jurisdiction over Defendants.

4.      Venue is proper in the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391(b) and Section 1017(b) of OPA, 33 U.S.C. § 2717(b), because it is the judicial district in which the oil discharge and resulting natural resource injuries occurred.

## DEFENDANTS

5.      Defendant ExxonMobil Pipeline Company LLC, formerly ExxonMobil Pipeline Company, is a Delaware limited liability company with its headquarters in Houston, Texas. ExxonMobil Pipeline Company reorganized as ExxonMobil Pipeline Company LLC in February 2022.

6.      ExxonMobil is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

7.      At all relevant times, ExxonMobil Pipeline Company was an operator of the Pegasus Pipeline. ExxonMobil is the legal successor to ExxonMobil Pipeline Company.

8.      Defendant MPLC is a Delaware Corporation with its headquarters in Houston, Texas.

9.       MPLC is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

10.     At all relevant times, MPLC was the owner of the Pegasus Pipeline.

## STATUTORY BACKGROUND

11.     Section 1102(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in [33 U.S.C. § 2702(b)] that result from such incident."

12.     OPA defines "responsible party" to mean "[i]n the case of a pipeline, any person owning or operating the pipeline." 33 U.S.C. § 2701(32)(F).

13.     OPA defines "facility" to mean "any structure, group of structures, equipment, or

3

device (other than a vessel) which is used for one or more of the following purposes: exploring for, drilling for, producing, storing, handling, transferring, processing, or transporting oil. This term includes any . . . pipeline used for one or more of these purposes." Section 1001(9) of OPA, 33 U.S.C. § 2701(9).

14.     OPA defines "oil" to mean "oil of any kind or in any form, including petroleum. . . ." 33 U.S.C. § 2701(23).

15.     OPA defines "discharge" to mean "any emission (other than natural seepage), intentional or unintentional" and includes "spilling, leaking, pumping, pouring, emitting, emptying, or dumping." 33 U.S.C. § 2701(7).

16.     OPA defines "navigable waters" to mean "waters of the United States, including the territorial seas." 33 U.S.C. § 2701(21).

17.     OPA defines "natural resources" to include "land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States ... [or] any State ...." 33 U.S.C. § 2701(20).

18.     OPA defines "person" to include a corporation. Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

19.     OPA defines "incident" to mean "any occurrence or series of occurrences having the same origin, involving one or more facilities . . . , resulting in the discharge . . . of oil." Section 1001(14) of OPA, 33 U.S.C. § 2701(14),

20.     OPA defines "damages" for which a responsible party is liable, pursuant to Section 1002(a) of OPA, 33 U.S.C. § 2702(a), to include "[d]amages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which

4

shall be recoverable by a United States trustee, [and] a State trustee…." 33 U.S.C. §§ 2701(5) and 2702(b)(2).

21.     Migratory birds and their supporting habitats are federal trust resources protected under the Migratory Bird Treaty Act of 1918, as amended 16 U.S.C. §§ 701 et seq., and are also natural resources of the State of Arkansas managed by the AGFC.  Pursuant to 40 CFR § 300.600 (b)(2), DOI, acting through USFWS, is designated the Federal Trustee for migratory birds.

22.     DOI, acting through the USFWS, is the Federal Trustee designated pursuant to Section 1006 of OPA, 33 U.S.C. 2706, for assessing and recovering the damages to  natural resources belonging to, managed by, controlled by, or appertaining to the United States under DOI's trusteeship.  The USFWS also is responsible for developing and implementing a plan for the restoration, rehabilitation, replacement, or acquisition of the equivalent, of the natural resources under its federal trusteeship.

23.     The AGFC and ADEQ are State Co-trustees designated pursuant to Section 1006 of OPA, 33 U.S.C. 2706, for assessing and recovering the damages to natural resources belonging to, managed by, controlled by, or appertaining to the State of Arkansas under their co-trusteeship. The AGFC and ADEQ also are responsible for developing and implementing a plan for the restoration, rehabilitation, replacement, or acquisition of the equivalent, of the natural resources under their state co-trusteeship.

24.     OPA provides that any person owning or operating a pipeline from which oil is discharged, or which poses the substantial threat of a discharge of oil, is liable for damages to natural resources arising from the discharge, or substantial threat of discharge, of oil. 33 U.S.C. § 2702, subject only to enumerated defenses.

## GENERAL ALLEGATIONS

### A.  The Source of the Discharge of Oil

25.      The Pegasus Pipeline is a 20-inch-diameter crude oil pipeline constructed in the 1940s that runs approximately 850 miles from Patoka, Illinois, to Nederland, Texas, and has been used by Defendants to transport Wabasca Heavy crude oil that originates from Canada.

26.      On March 29, 2013, a segment of the Pegasus Pipeline ruptured in the Northwoods Residential Subdivision in the town of Mayflower, Arkansas due to failure of a section of the Pipeline's longitudinal seam. The split in the pipe was twenty-two feet long and caused approximately 3,190 barrels of heavy crude oil mixed with diluent to spill from the Pipeline. The Pipeline spilled oil for approximately twelve hours over two days.

27.      Crude oil from the Pegasus Pipeline spilled directly into a residential neighborhood and then flowed via a ditch into nearby waterways, including an unnamed creek, then to wetlands which are adjacent to a portion of Lake Conway commonly known as Dawson Cove. Lake Conway is a 6,700 acre man-made lake water formed by the damming of Palarm Creek, a continuously flowing water. Beyond the dam, Palarm Creek flows into the Arkansas River. The Arkansas River and the lower portion of Palarm creek are traditional navigable-in-fact waters. The wetlands have a continuous surface connection with Lake Conway.

28.      Lake Conway, including Dawson Cove, is owned and managed by AGFC. The waterways in and adjoining Lake Conway are "navigable waters" within the meaning of Section 1001(21) of OPA, 33 U.S.C. 2701(21), and are "waters of the state" within the meaning of the AWAPCA, Ark. Code Ann. § 8-4-102(11).

29.      At the time of the spill, the Pegasus Pipeline was owned by MPLC and operated by ExxonMobil.

6

30.     The oil from the Mayflower Oil Spill contaminated homes, lands, and waterways and impacted people, wildlife, and habitat.  Residents were forced to evacuate their homes due to the hazardous conditions in the neighborhood. The spilled oil also caused, *inter alia*, a film or sheen upon or discoloration of the surface of the water and adjoining shorelines and caused deposition beneath the surface of the water and upon adjoining shorelines.

31.     Pursuant to 15 C.F.R. Part 990, Trustees USFWS, AGFC, and ADEQ initiated an assessment of injuries to natural resources resulting from the Mayflower Oil Spill.  The Trustees conducted extensive natural resource injury assessment work. The Trustees used information from the oil spill response and assessment work, including field observations of flora and fauna, research and analysis of the specific oil chemistry involved in the discharge, oil toxicity from literature and studies, and modeling to determine the extent of injuries and the compensatory restoration requirements for the oil discharge. The Trustees coordinated their assessment work and will jointly plan and implement restoration efforts.

32.     The Trustees concluded that natural resources had been injured, destroyed, or lost as a result of discharges of oil onto land that migrated to nearby waterways and wetlands, Dawson Cove, and Lake Conway. Vegetation and sediment were oiled as a direct result of the spill. Respondents removed oiled vegetation and sediment from the area to facilitate spill response. Also, a significant number of wildlife were exposed to oil, including birds, mammals, fish, invertebrates, amphibians, and reptiles. The oil caused injuries to natural resources that included land, surface waters and adjacent riparian areas, sediments, multiple wildlife species (including injuries and deaths of oiled waterfowl and other birds, turtles, snakes, amphibians, mammals, other reptiles, fish, invertebrates, macroinvertebrates, and other fauna), reduced and destroyed habitat (including

bottomland hardwood forest, pine-oak forests, and other vegetation and flora), and lost recreational angling and opportunities for navigation and outdoor enjoyment.

33.     Lake Conway is a popular fishing area created in 1951 between Conway, Arkansas and Mayflower, Arkansas. It is the largest state conservation lake in the United States. The discharged oil resulted in losses to recreational users of the marine and coastal environment along Lake Conway who decreased use due to concern about the presence and impacts of oil from the spill.

34.     The Trustees have incurred costs in connection with assessing the natural resource injuries and performing restoration planning.

35.     The discharge of oil resulting from the Mayflower Oil Spill was not authorized under OPA or any other federal, state, or local government law, regulation, or ordinance.

36.     The Mayflower Oil Spill was the subject of a separate civil action filed in this district in June 2013 for civil penalties and injunctive relief against Defendants by the United States on behalf of the United States Environmental Protection Agency ("EPA"), and the State of Arkansas, on behalf of the Arkansas Department of Environmental Quality. *United States and State of Arkansas v. ExxonMobil Pipeline Co., et al.*, Civil Action No. 4:13-cv-0355 (E.D. Ak.). That complaint alleged violations of Sections 301(a) and 311(b)(3) of the CWA, 33 U.S.C. §§ 1311(a) and 1321(b)(3), and provisions of Arkansas law.  That action was resolved through a consent decree entered by the District Court on August 12, 2015. In that consent decree the United States reserved its rights to bring claims for damages to natural resources.

8

## FIRST CLAIM FOR RELIEF

### (Damages to Natural Resources Under Oil Pollution Act of 1990)

37.     The allegations of the foregoing Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

38.     The Pegasus Pipeline is a "facility" within the meaning of Section 1001(9) of OPA, 33 U.S.C. § 2701(9).

39.     Each Defendant, as owner and/or operator of the facility at the time of the Mayflower Oil Spill and response efforts, is a "responsible party" within the meaning of Section 1001(32)(F), 33 U.S.C. § 2701(32)(F).

40.     The crude oil from the Pegasus Pipeline is "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C. 2701(23).

41.     The spill of oil from the Pegasus Pipeline was a "discharge" within the meaning of Section 1001(7) of OPA, 33 U.S.C. § 2701(7). Approximately 3,910 barrels of oil  discharged from the Pipeline and a substantial portion migrated into waters of the United States and the State.

42.     The discharge of oil resulting from the Mayflower Oil Spill and the subsequent response actions to remove the oil caused injury to, destruction of, loss of, and/or loss of use of, natural resources within the meaning of Sections 1001(20) and 1002(b)(2)(A) of OPA, 33 U.S.C. §§ 2701(20) and 2702(b)(2)(A), for which the USFWS, on behalf of the United States, and the AGFC and ADEQ, on behalf of the State of Arkansas, are trustees within the meaning of Section 1006 of OPA, 33 U.S.C. § 2706.

43.     The discharge of oil resulting from the Mayflower Oil Spill and the subsequent response actions to remove the oil also caused injury to, destruction of, loss of, and/or loss of use

of real property owned and managed by AGFC within the meaning of Section 1002(b)(2)(B) of OPA, 33 U.S.C. § 2702(b)(2)(B).

44.     Pursuant to Section 1002(a) and (b)(2) of OPA, 33 U.S.C. § 2702(a) and (b)(2), Defendants are strictly, and jointly and severally, liable to the United States and to the State, acting through trustees USFWS, ACFG and ADEQ, for damages for such injury to natural resources resulting from the discharge of oil from the Pegasus Pipeline as alleged in this Complaint.

## SECOND CLAIM FOR RELIEF

### (Damages under the Arkansas Water and Air Pollution Control Act and Arkansas Game and Fish Commission Code 01.00-H)

45.     Plaintiffs AGFC and ADEQ re-allege and incorporate herein by reference the allegations in Paragraphs 1 through 44.

46.     Defendants are liable to the State of Arkansas pursuant to Section 103(b)(3) of the AWAPCA, Ark. Code Ann. § 8–4–103(b)(3), for damages to natural resources resulting from the Mayflower Oil Spill, including for all reasonable costs and  expenses incurred in connection with the detection, investigation, damage assessment, and restoration and replacement activities.

47.     Defendants are also liable under Arkansas Game and Fish Commission Code 01.00-H for monetary restitution for injury to wildlife species, including waterfowl and other birds, turtles, snakes, amphibians, mammals, other reptiles, fish, invertebrates, macroinvertebrates, and other fauna.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter a judgment in favor of Plaintiffs against Defendants pursuant to Sections 1002(b)(2)(A) and (B) of OPA, 33 U.S.C. § 2702(b)(2)(A) and (B), for the full value of all damages for injury to, destruction of, loss of, and/or loss of use of natural resources, or resource services,

10

within the trusteeship of the USFWS, the AGFC and ADEQ, resulting from the Mayflower Oil Spill, including reimbursement of Plaintiffs' reasonable assessment and restoration planning costs.

B.      Enter a judgment in favor of Plaintiffs AGFC and ADEQ against Defendants pursuant to Section 103(b)(3) of the AWAPCA, Ark. Code Ann. § 8–4–103(b)(3), for the full value of all damages to natural resources resulting from the Mayflower Oil Spill, including for all reasonable costs and expenses incurred in connection with the detection, investigation, damage assessment, and restoration and replacement activities, plus monetary restitution under Arkansas Game and Fish Commission Code 01.00-H for injury to wildlife species, including waterfowl and other birds, turtles, snakes, amphibians, mammals, other reptiles, fish, invertebrates, macroinvertebrates, and other fauna.

C.      Award Plaintiffs such other relief as this Court may deem just and appropriate.

Respectfully submitted,

FOR THE UNITED STATES:

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

KENNETH G. LONG
Senior Attorney
D.C. Bar No. 414791
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tele: 202-514-2840
Email: Kenneth.long@usdoj.gov

11

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas
P.O. Box 1229
Little Rock, AR 72203


SHANNON SMITH
Assistant United States Attorney
United States Attorney's Office
Eastern District of Arkansas
P.O. Box 1229
Little Rock, AR 72203
Tele: (501) 340-2600
Fax: (501) 340-2730
Email: shannon.smith@usdoj.gov


Of Counsel:

BRIGETTE J. BEATON
Attorney
U.S. Department of the Interior
Office of the Solicitor
75 Ted Turner Drive, Suite 304
Atlanta, GA 30303
Tele: (404) 331-5611
Email: brigette.beaton@sol.doi.gov

FOR THE STATE:

JOHN P. MARKS
Acting General Counsel
Arkansas Game and Fish Commission
Legal Division
2 Natural Resources Drive
Little Rock, AR 72205
Tele: (501) 382-3807
Fax:  (501) 223-6463
Email: john.marks@agfc.ar.gov


OF COUNSEL:

Michael McAlister, Deputy Chief Counsel
Arkansas Energy and Environment
Division of Environmental Quality
5301 Northshore Dr.
North Little Rock, AR 72118-5317
Tele: (501) 682-0744
Fax:  (501) 682-0880
Email: Michael.McAlister@adeq.state.ar.us